UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-100-FDW

| | |
|---|---|
| TRAVIS MCFADDEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU REDWITCH, Nurse, )<br>FNU WILLIAMS, Correctional Officer, )<br>CAROLINA MEDICAL CENTER UNION, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1). On April 25, 2014, the Clerk entered an order waiving the initial filing fee and directing monthly payments to be deducted from Plaintiff's prison account. (Doc. No. 6).

**I. BACKGROUND**

Pro se Plaintiff Travis McFadden is a North Carolina state court inmate, currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. Plaintiff filed this action on March 10, 2014, pursuant to 42 U.S.C. § 1983, in which he complains about an incident occurring on September 19, 2010, when he was incarcerated at Lanesboro Correctional Institution. Plaintiff has named as Defendants "FNU Redwitch," identified as a nurse at Lanesboro, "FNU Williams," identified as correctional officer at Lanesboro, and the "Carolina Medical Center Union." (Doc. No. 1). Plaintiff alleges in the Complaint that on September 19 2010, Nurse Redwitch mistakenly gave Plaintiff another inmate's medication, totaling eleven pills, after failing to check for Plaintiff's identification. (Id. at 4). Plaintiff alleges that he

1

became nauseated, dizzy, and sick to his stomach, and he "thought [he] was going to die." (Id.). Plaintiff submitted a medical emergency request and he was transported to Carolinas Medical Center Union, where he was given intravenous fluids and remained for the next six or seven hours before being released back to the prison. (Id.). Plaintiff alleges that it took an hour and a half for prison staff to answer Plaintiff's emergency call, and that officers came only after Defendant Williams called a "code blue." (Id. at 5). Plaintiff alleges that Defendants engaged in "medical negligence," "breach of duty, breach of care." (Id. at 4). Plaintiff states that he is "having side effects up to this day" from the wrong medication being given to him. (Id.). As relief, Plaintiff states that he is seeking $1.3 million in damages. (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S.

2

CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

Plaintiff fails to state a claim against Defendants for a violation of any of his federal constitutional rights, particularly his rights under the Eighth Amendment. At most, Plaintiff alleges that Defendant Redwitch was negligent when she allegedly gave Plaintiff another inmate's medications. Mere negligence is simply not an actionable claim under § 1983. See

Daniels v. Williams, 474 U.S. 327, 328 (1986); Whitley v. Albers, 475 U.S. at 319; Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct...."). For these reasons, this action will be dismissed for failure to state a claim.[1]

### IV. CONCLUSION

For the reasons stated herein, the Court dismisses Plaintiff's action for failure to state a claim.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed for failure to state a claim.

2. The Clerk is directed to terminate this action.

Signed: May 27, 2014

Frank D. Whitney
Chief United States District Judge

---

[1] In addition to being subject to dismissal for failure to state a claim, it also appears that Plaintiff is barred by the applicable three-year statute of limitations, as the alleged conduct occurred on September 19, 2010, and Plaintiff filed this action more than three years later on March 10, 2014.